

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Perkins v. Schwappach

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Perkins v. Schwappach" (2008). *2008 Decisions.* Paper 666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1139
_____

EMMITT PERKINS,

Appellant

v.

SCHWAPPACH,
Correctional Officer Sergeant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 07-cv-02124)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 31, 2008

Before:  AMBRO, FUENTES and FISHER, Circuit Judges

(Filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

　　Emmitt Perkins, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's order dismissing his complaint and denying his motion for the

appointment of counsel. We will affirm in part, reverse in part, vacate in part, and remand for further proceedings.

I.

Perkins filed suit against a corrections officer (Schwappach) under 42 U.S.C. § 1983. According to Perkins's allegations, which must be taken as true for present purposes, he is a 68-year-old diabetic and requires insulin and other medication. On the morning of December 25, 2006, he began losing feeling in his arms and experiencing numbness in his fingertips, which was a sign of diabetic sugar imbalance. (Compl. ¶ 11.) He was allowed out of his housing unit to obtain a blood sugar count and insulin, as well as a medicine called Gipzide. (Id. ¶¶ 9, 15.) Perkins "requires [this medication] in order to live," and without it faces "diabetic complications and death." (Id. ¶ 9.) He had with him a "blue dispensary medical pass," which is given to inmates to show corrections officers and "obtain passage to the dispensary for medical treatment . . . without delay." (Id. ¶ 11.) He also was wearing a "medical alert" bracelet on each wrist "to demonstrate that he is in serious need of medical attention." (Id. ¶ 12.)

Schwappach, however, prevented Perkins from obtaining his medication. Perkins alleges that Schwappach did this "deliberately" (id. ¶ 6), and with "deliberate indifference to his medical needs" (¶¶ 23, 24(k)). According to Perkins, when he was on his way to the "med/line," Schwappach first "confronted [him] with hostility" and "targeted" him by telling him, though not any of the other 30 inmates also headed there, that "the med/line

2

was over, . . . which wasn't true." (Id. ¶ 13.) Schwappach then "debate[d] with [Perkins] about whether he needed his medication right then and there," "debated with [Perkins] whether [he] was faking the seriousness of needing the medication," and finally "refused to honor [Perkins's] medical alert bracelets, and did not honor [his] dispensary blue medical access pass. All the time [Perkins's] medical situation was fast deteriorating." (Id. ¶ 16.)

Schwappach ultimately ordered Perkins to return to his cell without his medication. (Id. ¶ 18.) After Perkins complied, he had to be "rushed to the prison dispensary" for "emergency . . . attention" because his blood-sugar level "had risen to an out-of-control level of 555." (Id. ¶ 19.) Perkins alleges that he nearly died because of the incident. (Id. ¶¶ 6, 22.) He filed grievances, and prison officials, though they denied monetary compensation, did not dispute that the incident had occurred. (Id. ¶ 22.) Perkins seeks monetary damages from Schwappach.

Perkins filed his complaint in Pennsylvania state court, but Schwappach removed it to federal court and filed a motion to dismiss under Rule 12(b)(6). Perkins requested counsel in a motion for an extension of time to respond to the motion to dismiss, then later filed a brief in support of his motion for counsel. By order entered December 20, 2007, the District Court dismissed the complaint with prejudice and without granting Perkins leave to amend. It also denied Perkins's motion for counsel without discussion,

3

noting only that "[t]he Court has considered, but will deny" the motion. Perkins timely appealed.[1]

## II.

The District Court properly construed Perkins's complaint to assert both an Eighth Amendment claim and violations of Pennsylvania state law. The District Court dismissed Perkins's state-law claims as barred by sovereign immunity, and we will affirm that aspect of its ruling for the reasons explained by the District Court. We believe, however, that Perkins adequately alleged an Eighth Amendment claim for deliberate indifference to his serious medical needs. To state such a claim, a plaintiff must plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Fac., 318 F.3d 575, 582 (3d Cir. 2003). Perkins adequately pleaded each element here.[2]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of the complaint de novo. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In conducting that review, we "'accept all allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Id. (citation omitted). Although the "'factual allegations must be enough to raise a right to relief above the speculative level,'" id. at 234 (citation omitted), complaints filed pro se must be liberally construed, see Erickson v. Pardus, – U.S. – , 127 S. Ct. 2197, 2200 (2007). We review the denial of a motion for the appointment of counsel for abuse of discretion. See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).

[2] We also note that, even if Perkins's allegations had not been sufficient, we see nothing that inevitably would have rendered futile any amendment of his complaint. Accordingly, the District Court should have given him leave to amend before dismissing the complaint with prejudice. See Phillips, 515 F.3d at 245.

4

First, Perkins alleges that he is diabetic and requires insulin and other medication to prevent death and other complications. He further alleges that, as a result of the denial of medication, he required emergency treatment and almost died. The District Court assumed without deciding that Perkins adequately alleged a serious medical need. On appeal, Schwappach argues that Perkins failed to do so because, although diabetes in the abstract may constitute a serious medical need, the focus must be on the specific deprivation that Perkins alleges, which Schwappach characterizes as a relatively brief interruption in an otherwise-adequate course of treatment. See Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003). This argument, however, ignores Perkins's allegations that he almost died as a result of that interruption and required emergency treatment. At this stage of the proceeding, those allegations are sufficient to allege that he was experiencing a serious medical need.

Second, Perkins also adequately alleged that Schwappach acted with deliberate indifference. Deliberate indifference requires a showing that "the official 'knows of and disregards an excessive risk to inmate health or safety.'" Natale, 318 F.3d at 582 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must also "draw the inference." Id. The District Court concluded that Perkins failed to plead this element because he "does not allege that Schwappach was subjectively aware of any substantial risk of serious harm to Perkins when he prevented him from going to

5

the dispensary." (Mem. at 4.) We believe, however, that this element can fairly be inferred from Perkins's allegations. Perkins alleges, for example, that Schwappach deliberately singled him out, treated him with hostility, falsely told him that the "med/line" was closed, and refused to allow him to obtain his medication despite his presentation of a blue medical pass that is given to inmates to "obtain passage to the dispensary for medical treatment . . . without delay." (Compl. ¶ 11.) Construing these allegations liberally, we believe they adequately allege deliberate indifference.[3]

Perkins also challenges the District Court's denial of his motion for counsel, a ruling that Schwappach does not defend on appeal. In Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993), we set forth the framework within which courts in this Circuit must evaluate motions for counsel. Courts initially must determine whether the plaintiff's claim has arguable merit and then, if it does, evaluate six non-exclusive factors addressed

---

[3]The District Court cited two reasons for its conclusion to the contrary, but each represents the application of too stringent a standard at the Rule 12(b)(6) stage. First, the District Court concluded that the complaint suggests that Schwappach was not aware of Perkins's medical needs because "Schwappach told Perkins he thought Perkins was faking," which "suggests that Schwappach subjectively thought Perkins was fine." (Mem. at 4.) In reaching this conclusion, the District Court drew inferences in favor of Schwappach, not Perkins. Second, the District Court concluded that Perkins did not allege he "manifested outward signs of serious illness when he was heading to the dispensary," and thus had alleged nothing that might have put Schwappach on notice of a "risk of serious harm." (Id. at 4-5.) Perkins, however, tried to get medication and presented Schwappach with a medical pass and his medical alert bracelets. Although we of course express no opinion on the ultimate issue, those allegations might ultimately allow Perkins to prove that Schwappach actually thought that Perkins had a serious medical need.

primarily to the plaintiff's ability to litigate that claim. See id. at 155-57. We later provided further guidance on the application of these factors to prisoners asserting claims based on inadequate medical care. See Montgomery, 294 F.3d at 498-505; Parham v. Johnson, 126 F.3d 454, 458-60 (3d Cir. 1997).

In this case, the District Court did not explain why it denied Perkins's motion for counsel, so we are unable to determine the basis on which it exercised its discretion. For the reasons explained above, we believe that Perkins's Eighth Amendment claim has arguable merit. Accordingly, on remand, the District Court is directed to re-evaluate Perkins's motion for counsel in light of this ruling and the principles set forth in Tabron, Montgomery and Parham.

For the foregoing reasons, we will affirm the District Court's dismissal of Perkins's state-law claims, reverse the District Court's dismissal of Perkins's Eighth Amendment claim, and vacate the District Court's denial of Perkins's motion for the appointment of counsel.